Daniel R. Watkins
Nevada State Bar No. 11881
dw@wl-llp.com
Eran S. Forster
Nevada State Bar No. 11124
eforster@wl-llp.com
WATKINS & LETOFSKY, LLP
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Vanessa Thomas

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VANESSA THOMAS<br><br>         Plaintiff,<br><br>vs.<br><br>US ONCOLOGY CORPORATE, INC dba. COMPREHENSIVE CANCER CENTERS OF NEVADA; DOES 1-50 and ROES 1-50'<br><br>         Defendants. | Case No.:  2:19-cv-00958<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, Vanessa Thomas (herein "Plaintiff") and files this civil action against Defendants, and each of them, for violations of the Family Medical Leave Act (29 U.S.C. §2601 et seq.) and Nevada Revised Statutes §§ 613.330 et seq.; and all related claims under Nevada law, seeking damages, and alleges as follows:

//
//
//
//
//
//

//

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

## PARTIES

### PLAINTIFF

4. Plaintiff, Vanessa Thomas (hereinafter "Plaintiff"), was a qualified/eligible "employee" of Defendant, COMPREHENSIVE CANCER CENTERS OF NEVADA dba US ONCOLOGY, INC., within the meaning of the Family Medical Leave Act (29 U.S.C. §2601 *et seq.*) (hereinafter, "FMLA").

### DEFENDANTS

5. Defendant, US ONCOLOGY, INC. dba COMPREHENSIVE CANCER CENTERS OF NEVADA, (hereinafter "Comprehensive" or "Defendant") is a Nevada corporation qualified to do business in Nevada and employs 50 or more employees and is "employer" within the meaning of the Family Medical Leave Act (29 U.S.C. §2601 *et seq.*); and related claims under Nevada law. Defendant has offices located around the greater Las Vegas metropolitan area including the specific location that Plaintiff worked, located at 3150 N. Tenaya Way, Las Vegas, NV 89128.

6. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive. The Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for,

1  or participated in, or contributed to, the matters and things complained of herein, and is legally
2  responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true
3  names, capacities, participation and responsibilities have been ascertained.

4     7.      Comprehensive and DOES 1 through 50 (collectively, "Defendants") are the named
5  defendants in this action.

## STATEMENT OF FACTS

7     8.      Plaintiff was employed by Defendant since July 27, 2015. During all relevant times
8  Plaintiff was a Desk Coordinator II.

9     9.      Plaintiff was pregnant and gave birth to her first child on April 14, 2017.

10     10.      Plaintiff had her second child born on March 17, 2019.

11     11.      Plaintiff qualified and was using intermittent FMLA protected leave for the birth of
12 her second child.

13     12.      Plaintiff was given 480 hours of FMLA leave per rolling calendar year.

14     13.      Defendant used a point system to track an employee's excused and non-excused
15 absences and tardiness from work.

16     14.      Defendant's time clocks were not allowing Plaintiff to log in properly when she was
17 on-time for work.  This would cause Plaintiff to appear that she was late and consequently receive
18 demerit points against her.

19     15.      Defendant changed their policy regarding their point system from accumulating
20 points annually to a rolling period.

21     16.      Defendant had intentionally classified Plaintiff's FMLA leave as personal leave in
22 order to accumulate points against her.  Defendant believed this would allow Defendant to have
23 "cause" to fire her even though Plaintiff was using FMLA protected leave.

24     17.      Defendant targeted Plaintiff and used the point system and time clock issues to
25 against Plaintiff because of her use of FMLA intermittent parental leave.

26     18.      Defendant terminated Plaintiff on or about July 13, 2018, when Plaintiff was using
27 her protected FMLA leave.

28 //

**COMPLAINT FOR DAMAGES**
-3-

1 //

2    19.    Defendant stated that the reason for Plaintiff's termination was because her absence from work on July 13, 2018 was classified as a "personal" absence resulting in a "no-call, no-show."

20.    If Plaintiff's absence was categorized as an FMLA absence, she would not have accumulated the demerit point that put her over the limit and resulted in her termination.

## COUNT I
## INTERFERENCE AND RETALIATION
## WITH FAMILY MEDICAL LEAVE
## Family Medical Leave Act (29 U.S.C. §2601 et seq.)
## (Against All Defendants)

21.    Plaintiff hereby incorporates paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22.    Plaintiff's intermittent parental leave is qualified leave under the FMLA as it was taken within one year of her child's birth and was approved by her employer.

23.    Plaintiff gave appropriate notice of her need to be absent from work. "Appropriate notice" was given pursuant to Defendant's FMLA intermittent leave policy.

24.    Defendants interfered with Plaintiff's exercise of her right to take intermittent parental leave from work as authorized by the Family Medical Leave Act (29 U.S.C. §2601 et seq.), retaliated against Plaintiff and discriminated against Plaintiff's use of FMLA Leave by targeting her for taking FMLA leave, changing their policies to force Plaintiff to accumulate points, and most egregiously, by unilaterally reclassifying her FMLA leave as personal leave in order to terminate her.

25.    Plaintiff claims that exercise of her right to take parental leave from work as authorized by the FMLA was either the sole reason or a motivating factor for Defendant's decision to terminate her employment.

26.    As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation and earning capacity, humiliation, mental anguish, and emotional distress.

1  //

2      27.    As a result of those actions and consequent harms, MS. FORD has suffered such damages in an amount to be proven at trial.

4      28.    Defendant intentionally, voluntarily, deliberately, and willfully discharged Plaintiff.

5      29.    Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

7      30.    Defendants, through their agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendants as described above thereby ratifying the unlawful conduct of its agents or supervisors.

10    31.    Plaintiff requests relief as described in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Vanessa Thomas, prays that this Court grant the following relief:

A.    Economic Loss for Back Pay and Front Pay, plus prejudgment interest;

B.    Compensatory Damages in accordance with 42 U.S.C. §12117, 42 U.S.C. §1983, and other applicable statutes;

C.    Reasonable attorneys' fees pursuant to 42 U.S.C. §12205 and other applicable statutes;

D.    Liquidated Damages;

E.    Costs of suit incurred herein; and

F.    Such other and further relief as the court deems just and proper

DATED this 5th day of June, 2019.        WATKINS & LETOFSKY, LLP

*/s/ Daniel R. Watkins*

By: _____
     Daniel R. Watkins
     Eran S. Forster
     8215 S. Eastern Ave., Ste. 265
     Las Vegas, NV 89123
     Attorneys for Plaintiff, Vanessa Thomas

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, Plaintiff demands a trial by jury in this action on all issues so triable.

DATED this 5th day of June, 2019.      WATKINS & LETOFSKY, LLP

*/s/ Daniel R. Watkins*

By: _____
Daniel R. Watkins
Eran S. Forster
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Attorneys for Plaintiff, Vanessa Thomas